FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS S. HAWKINS,<br><br>Defendant. | No. 2:22-CR-00133-TOR-19<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 523)** |

On March 21, 2023, the Court held a detention review hearing to consider Defendant MARCUS S. HAWKIN's Motion for Reconsideration of Detention Order, **ECF No. 523**. Defendant appeared while in custody with court-appointed counsel Bevan Maxey. Assistant U.S. Attorney Earl Hicks represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Specifically, Defendant seeks release and Defendant, through counsel, presented a proposed release plan and address. The United States did not oppose Defendant's proposed release plan. The Court also addressed Defendant.

**IT IS ORDERED** Defendant is conditionally released pending approval of the proposed release address by U.S. Probation on the following conditions of pretrial release and the additional conditions that he appear for all hearings pursuant to the Indictment, and that he remains in contact with his counsel.

**STANDARD CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial

ORDER - 1

|   |   |
|---|---|
| | Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without approval from Pretrial Services and a judicial officer.  Defendant shall comply with all conditions of supervision imposed by other courts. |
| **(2)** | Defendant shall reside at an address approved by Pretrial Services and advise the court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address or phone number. |
| **(3)** | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| **(4)** | Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished. |
| **(5)** | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| **(6)** | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| **(7)** | Defendant shall contact defense counsel at least once a week. |
| **(8)** | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| **(9)** | Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, |

ORDER - 2

regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and any travel documents and/or passport for any country.

## ADDITIONAL CONDITIONS OF RELEASE

**(11)** Defendant shall remain in the Eastern District of Washington while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. Defendant may travel to the Western District of Washington for any court related matters.

**(12)** Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(13)** Defendant shall maintain or actively seek lawful employment.

**(14)** Refrain from any use of alcohol.

**(15)** There shall be no alcohol in the home where Defendant resides.

**(16)** Defendant shall not go to any establishment where alcohol is the primary item of sale.

**(17)** Defendant shall undergo an drug and alcohol assessment and comply with any treatment recommendations unless U.S. Probation is satisfied with any other drug and alcohol assessment that has already been completed. Defense counsel may move to modify this condition if it is determined that Defendant does not need treatment.

**(18)** Defendant shall notify United States Probation/Pretrial Services Office

ORDER - 3

within 24 hours of any change in address, telephone number, or employment.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

Pursuant to F. R. Crim. P. 5(f) and LCrR 16(a)(6), at arraignment or within 14 days thereafter, the Government is required to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment to which defendant is entitled pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. This is a continuing duty for newly discovered evidence. LCrR 16(c). Pursuant to F. R. Crim. P. 16(d)(2), failure to comply may result in an order permitting the discovery or inspection; granting a continuance; or any other order that is just under the circumstances (including sanctions, dismissal, exclusion of evidence or witnesses).

**IT IS SO ORDERED.**

DATED March 27, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4