ECF No. 1518

PROB 12C
(6/16)

Report Date: August 26, 2026

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2026

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Marcus S. Hawkins — Case Number: 0980 2:22CR00133-TOR-19

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: September 13, 2023

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 | |
| Original Sentence: | Prison - 9 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(July 2, 2025) | Prison - 11 months<br>TSR - 30 months | |
| Asst. U.S. Attorney: | Joseph P. Derrig | Date Supervision Commenced: May 29, 2026 |
| Defense Attorney: | Molly Marie Winston | Date Supervision Expires: November 28, 2028 |

### PETITIONING THE COURT

To issue a **warrant.**

On June 1, 2026, an officer with the U.S. Probation Office reviewed a copy of the conditions of supervision with Mr. Hawkins as outlined in the judgment and sentence. Mr. Hawkins acknowledged an understanding of those conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #2**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by using marijuana on or about July 28, 2026.<br><br>On August 3, 2026, Mr. Hawkins provided a urine sample that tested presumptive positive for marijuana and methamphetamine. Thereafter, Mr. Hawkins admitted, via a written statement, that he had last used marijuana on or about July 28, 2026, but denied using methamphetamine. The sample was sent to the national laboratory which later confirmed the positive results for methamphetamine. |

| | |
|---|---|
| 2 | **Special Condition #2**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by using methamphetamine on or about August 1, 2026.<br><br>On August 5, 2026, Mr. Hawkins provided a urine sample that tested presumptive positive for marijuana and methamphetamine. Thereafter, Mr. Hawkins admitted, via a written statement, that he had last used marijuana and methamphetamine on or about August 1, 2026. |
| 3 | **Special Condition #2**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by using methamphetamine on or about August 6, 2026.<br><br>On August 13, 2026, Mr. Hawkins provided a urine sample that tested presumptive positive for marijuana and methamphetamine. Thereafter, Mr. Hawkins admitted, via a written statement, that he had last used marijuana and methamphetamine on or about August 6, 2026. |
| 4 | **Special Condition #2**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by using methamphetamine on or about August 14, 2026.<br><br>On August 20, 2026, Mr. Hawkins provided a urine sample that tested presumptive positive for marijuana and methamphetamine. Thereafter, Mr. Hawkins admitted, via a written statement, that he had last used marijuana and methamphetamine on or about August 14, 2026. |
| 5 | **Special Condition #2**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by using methamphetamine on or about August 21, 2026.<br><br>On August 26, 2026, Mr. Hawkins provided a urine sample that tested presumptive positive for methamphetamine. Thereafter, Mr. Hawkins admitted, via a written statement, that he had last used methamphetamine on or about August 21, 2026. |

6 **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Hawkins allegedly violated the terms of his supervised release by being terminated from the Way Out Shelter on August 19, 2026.

On August 26, 2026, the undersigned officer contacted staff at the Way Out Shelter and learned that Mr. Hawkins had been terminated on August 19, 2026, for failing to uphold their reporting criteria. It was reported he had failed to return as directed and was unavailable for over a 24-hour period from August 18 to August 19, 2026.

Mr. Hawkins failed to report these changes within 72 hours. Since his termination, his location was unknown to the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/26/2026

s/Mark E. Hedge

Mark E. Hedge
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violations contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Thomas O. Rice

Signature of Judicial Officer

August 27, 2026

Date